OPINION OF THE COURT
Martin B. Stecher, J.
The Department of Housing Preservation and Development of the City of New York moves to remove a receiver in foreclosure. The premises involved are a multiple dwelling situated in New York County.
On February 23,1981 two orders were issued, one in this court and one in Civil Court, New York County Housing Part. In the Supreme Court proceeding, in the course of this foreclosure action, a receiver was appointed with the usual power and authority of a receiver. On the same day, pursuant to the provisions of RPAPL article 7-A, Housing Court Judge Harriet P. George on the petition of the Department of Housing Preservation and on the consent of the various parties to the foreclosure action took RPAPL article 7-A jurisdiction of the premises and with the consent of the parties appointed coadministrators. One of them was and is the president of the plaintiff in the *839 foreclosure action and one other person who is named but not otherwise identified.
The complaint against the receiver is that services are not being maintained in the property subject to foreclosure to the detriment of the tenants in the building. There are allegations that no hot water or heat is supplied, that garbage is not being removed and that other -conditions of life are deplorable. It is also alleged that RPAPL article 7-A administrators have failed to perform their obligations.
There is no allegation whatever made here that the receiver has converted income from this building to any purpose other than its maintenance and repair.
The receiver and the attorney for the mortgagee in foreclosure as well as the president of the mortgagee corporation demonstrate without contradiction that the mortgagee has provided to the receiver more than $20,000 for repairs to the building and at the time of submission of this motion the building was in a deficit position of approximately $14,000 to be made up from future rents. It also appears from these papers that the tenants are engaged in a rent strike.
There is nothing in the law which obligates a receiver to invest his personal funds in the property under his supervision. A receiver’s obligation is to receive the rents, apply them to the operation of the property and to the extent that there is a surplus to hold it subject to the further order of the court. There is no allegation whatever in these papers that the receiver has failed to discharge his statutory duties or the duties imposed on him by law to the extent possible.
The motion to remove the receiver is therefore denied.
This motion, however, brings squarely into issue the relative powers and obligations of a receiver in foreclosure appointed in the Supreme Court (RPAPL 1325) and an administrator appointed in the Civil Court (RPAPL 778). A receiver is an officer of the court whose duty it is to maintain the property during the course of litigation so that the court, sitting as a court of equity, may dispose of the property and its profits in accordance with law. Although an officer of the court, his function is presently to deal with and protect the private interests of the parties. *840 The RPAPL article 7-A receiver stands in a completely different position. It is his duty to carry out the public policy of the State of New York, that is, to collect and use the rents of the realty “for the purpose of remedying conditions dangerous to life, health or safety” (RPAPL 769). As between the two officers, that is, the receiver and administrator, the receiver must yield to the administrator. The administrator has the duty to protect the property and its occupants; and the commercial interests of the parties to the foreclosure litigation may not supersede that duty.
It .is the contention of the petitioning Department of Housing Preservation and Development that the RPAPL article 7-A administrators have abdicated their obligations. It may be, of course, that there is a conflict of interest on the part of one of the administrators but that is a matter which should be raised with the appointing Judge in the Housing Part of the Civil Court.
The difficulty here appears to be the absence of funds with which to make repairs. The tenants appear to be engaged in a so-called rent strike thereby depriving both administrator and receiver of the funds with which to make the necessary repairs. That, of course, is a matter for the RPAPL article 7-A administrators and the Civil Court.
As indicated above, the motion to remove the receiver is denied.